NO. 07-05-0109-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2005
_____

DONALD HICKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408202; HON. JIM BOB DARNELL, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Donald Hicks (appellant) appeals his conviction for burglary of a habitation with intent to commit theft. The clerk's record was filed on July 8, 2005, a supplemental clerk's record was filed on November 3, 2005, and the reporter's record was filed on October 21, 2005. Thus, appellant's brief was due to be filed no later than December 5, 2005. That date passed without appellant filing a brief, however. So, on December 6, 2005, this court notified appellant that neither the brief nor an extension of time to file the brief had been

received by the court and unless a brief or a response was filed by December 16, 2005, the appeal would be abated to the trial court. No response or brief has been received by the court.

Consequently, we abate the appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and,

2. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before January 20, 2006. Should

2

additional time be needed to perform these tasks, the trial court may request same on or before January 20, 2006.

It is so ordered.


Per Curiam

Do not publish.